

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD37241 |
| | ) | |
| vs. | ) | **Filed: June 3, 2022** |
| | ) | |
| PAUL MICHAEL BILSKEY, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF BUTLER COUNTY

Honorable Michael M. Pritchett, Judge

**AFFIRMED**

Paul Michael Bilskey ("Bilskey") appeals from the trial court judgment finding him guilty of unlawful possession of a firearm following a jury trial. *See* § 571.070.1.[1] In a single point, Bilskey argues the trial court erred in overruling his motion for judgment of acquittal because there was insufficient evidence to find beyond a reasonable doubt that he knowingly possessed the revolver found in the borrowed vehicle he was driving. Finding no merit in Bilskey's point, we affirm.

### Standard of Review

Bilskey's point claims there was insufficient evidence to prove beyond a reasonable doubt that Bilskey had actual or constructive possession of the gun found next to him in the borrowed

---

[1] All statutory citations are to RSMo. (2017).

vehicle.  In reviewing a claim for sufficiency of the evidence, our review is limited to "whether there was sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt." *State v. Naylor*, 510 S.W.3d 855, 859 (Mo. banc 2017) (quoting *State v. Letica*, 356 S.W.3d 157, 166 (Mo. banc 2011)).  This Court does not weigh the evidence, but accepts as true all evidence tending to prove guilt together with all reasonable inferences that support the verdict in determining whether the evidence was sufficient to support a conviction and to withstand a motion for judgment of acquittal.  *Id.* at 858-59.  We do not act as a "super juror" with veto powers but give deference to the trier of fact when reviewing the sufficiency of the evidence supporting a criminal conviction.  *Id.* at 859.

## Factual and Procedural History

The evidence adduced at trial, as viewed in the light most favorable to the verdict, was as follows.  During an investigation of a stolen vehicle, Deputy Cody Wilson ("Deputy Wilson") stopped a white Jeep Cherokee driven by Bilskey and made contact with Bilskey and a passenger, Deanna Adams ("Adams").  Deputy Wilson asked Bilskey if there were any weapons in the Jeep.  Bilskey "looked down and looked back at [Deputy Wilson] and said no."  Deputy Wilson observed that Bilskey looked "towards the center console[,]" which roused Deputy Wilson's suspicions.

Bilskey had an active arrest warrant and was placed in custody.  While standing on the driver's side of the vehicle, Deputy Wilson saw "the top of a barrel of a firearm sticking up between the driver's seat and the center console."  The barrel was silver, was sticking up about two inches, and "would have been within [an] inch of [Bilskey's] leg" when he was in the driver's seat.  Deputy Wilson seized the firearm.

Bilskey did not own the vehicle.  Adams, the passenger, told Deputy Wilson the Jeep belonged to Dr. Kingsley Bost ("Dr. Bost") and that Tracey Parker ("Parker") had borrowed it from Dr. Bost.  Earlier that day, Adams had visited Parker at his mobile home and they decided to drive the Jeep to visit another friend.  Adams dropped Parker off at the friend's home and

2

went to pick up Bilskey, who then drove the Jeep. Adams denied seeing Bilskey put a gun between the seat and console and said she did not put the gun in the Jeep. Dr. Bost testified he did not know Adams and did not own the gun that was found in the Jeep.

Bilskey was a convicted felon and was prohibited from possessing a firearm. *See* § 571.070.1. After hearing the evidence, the jury convicted Bilskey of unlawful possession of a firearm. *See **id.***

### Analysis

Under section 571.070.1, a person commits the offense of unlawful possession of a firearm if such person knowingly has any firearm in his or her possession and such person is a convicted felon. "Possess or possessed" is defined as:

> [H]aving actual or constructive possession of an object with knowledge of its presence. *A person has actual possession if such person has the object on his or her person or within easy reach and convenient control.* A person has constructive possession if such person has the power and the intention at a given time to exercise dominion or control over the object either directly or though another person or persons. *Possession may also be sole or joint.* If one person alone has possession of an object, possession is sole. If two or more persons share possession of an object, possession is joint[.]

§ 556.061 (38) (emphasis added). "Possession of a prohibited object therefore has two distinct elements: (1) 'conscious and intentional possession . . . either actual or constructive'; and (2) 'awareness of the presence and nature' of the item being possessed." ***State v. Ludemann***, 386 S.W.3d 882, 885 (Mo. App. S.D. 2012) (quoting ***State v. Purlee***, 839 S.W.2d 584, 587 (Mo. banc 1992)).

Bilskey's argument is untenable because it ignores our standard of review by relying on inferences contrary to the trial court's judgment. Here, there was sufficient evidence for a reasonable factfinder to conclude beyond a reasonable doubt that Bilskey had possession of the firearm. Bilskey told Deputy Wilson there was no firearm in the Jeep despite the fact the silver barrel of the gun was sticking up about two inches between the center console and the driver's seat where Bilskey was sitting. The firearm was just an inch from Bilskey's leg. When asked if

3

there were firearms in the Jeep, Bilskey looked directly at the center console where the firearm was located.  Both the passenger and the owner of the Jeep denied ownership of the firearm.  Given the credited evidence, and its reasonable inferences, this was sufficient evidence that Bilskey knew about the firearm and that the firearm was within his easy reach and convenient control.  *See **State v. Lemister***, 560 S.W.3d 609, 612-13 (Mo. App. S.D. 2018) (finding sufficient evidence that defendant knew about the rifle and was in possession of it where defendant was a passenger in a vehicle where the gun was found on the floor between the two front bucket seats).  Bilskey's point is denied.

## Conclusion

The trial court's judgment is affirmed.


MARY W. SHEFFIELD, P.J. – OPINION AUTHOR

GARY W. LYNCH, C.J. – CONCURS

JENNIFER R. GROWCOCK, J. – CONCURS